Susan Davis
Olivia R. Singer
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022
(212) 563-4100

*Counsel for New York State Nurses Association and Patricia Kane*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
|  |  |
|---|---|
| KAREN JARRETT, | : |
| | : |
| Plaintiff, | : |
| | : |
| - against - | : |
| | : |
| AMERICAN NURSES ASSOCIATION - NEW | : |
| YORK, INC. d/b/a NEW YORK STATE NURSES | : |
| ASSOCIATION, NEW YORK STATE NURSES | : |
| ASSOCIATION, PATRICIA KANE, | : |
| | : |
| Defendants. | : |
| | : |

Civil Action No.

**NOTICE OF REMOVAL**

-------------------------------------------------------------------X

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:**

Pursuant to 28 U.S.C. § 1446, Defendants New York State Nurses Association

("NYSNA") and Patricia Kane ("Kane") give notice of the removal of this action from the

Supreme Court of the State of New York, County of New York to the United States District

Court of the Southern District of New York.

1.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1332 and 1441.

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

2.     On or about July 8, 2020, Plaintiff Karen Jarrett filed a Complaint and Summons, Case No. 155137/2020, in the Supreme Court of the State of New York, New York County. The Complaint named as Defendants: American Nurses Association - New York, Inc. d/b/a New York State Nurses Association and Patricia Kane.  A copy of the Complaint and Summons is attached hereto as Exhibit A.

3.     Defendants NYSNA and Kane have not been served with a copy of this initial Complaint or Summons.  American Nurses Association is no longer a defendant.  *See supra* ¶ 12.

4.     On or about August 24, 2020, Plaintiff Karen Jarrett filed a Verified Amended Complaint and Amended Summons, Case No. 155137/2020, in the Supreme Court of the State of New York, New York County.  The Verified Amended Complaint named as Defendants: American Nurses Association - New York, Inc. d/b/a New York State Nurses Association, New York Nurses Association, and Patricia Kane.  A copy of the Verified Amended Complaint and Amended Summons is attached hereto as Exhibit B.

5.     NYSNA is a not-for-profit corporation incorporated in the State of New York and with a principal place of business in the State of New York.  *See* Ex. B at ¶ 2.  NYSNA is therefore a citizen of the State of New York.  *See* 28 U.S.C. § 1332(c)(1).

6.     Kane, the Executive Director of NYSNA, is domiciled in Staten Island, New York.  Kane is therefore a citizen of the State of New York.  *See Gilbert v. Davis*, 235 U.S. 561, 569 (1915).

7.     Plaintiff Karen Jarrett is domiciled in the State of New Jersey.  *See* Ex. B at ¶ 1. Jarrett is therefore a citizen of the State of New Jersey.  *See Gilbert*, 235 U.S. at 569.

8.      Plaintiff seeks a judgment against Defendants in the sum of $1,000,000.00.  *See* Ex. B at 6.

9.      As of October 1, 2020, Plaintiff has failed to properly serve the Verified Amended Complaint and Amended Summons upon Defendants NYSNA and Kane as no proof of service was filed as required by N. Y. CPLR 308(4).  *See* N.Y. CPLR 308(4) (service complete only ten days after filing of proof of service, which must be filed within twenty days of affixing/mailing).  A copy of the Supreme Court of New York, County of New York docket for Case No. 155137/2020 is attached hereto as Exhibit C.

12.     On September 9, 2020, Defendant American Nurses Association - New York, Inc. filed a Stipulation of Discontinuance executed by Defendant American Nurses Association- New York, Inc. and Plaintiff, stipulating to the dismissal of Defendant American Nurses Association - New York, Inc. from the action.  A copy of the Stipulation of Discontinuance is attached hereto as Exhibit D.

13.     On September 9, 2020, Plaintiff filed a Second Amended Summons and Verified Second Amended Complaint.  A copy of the Second Amended Summons and Verified Second Amended Complaint is attached as Exhibit E.

14.     As of the date of this notice of removal, Plaintiff has not properly served Defendant NYSNA or Kane with copies of the Second Amended Summons and Verified Second Amended Complaint.

15.     The documents attached as Exhibits A, B, C, D and E constitute all of the process and pleadings in this action to date, as required by 28 U.S.C. §1446(a).

**REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332 and 1441**

16.     Plaintiff's action may be removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332 and 1441 because the matter in controversy exceeds the sum or value of $75,000, *see* Ex. B at 6, and is between citizens of different States (New Jersey and New York), *see infra* at ¶¶ 5-7, *see also* Ex. B at ¶¶ 1, 2.  *See* 28 U.S.C. § 1332 ("the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States").

17.     Although Defendants NYSNA and Kane are citizens of the State of New York, the state in which this action was originally brought, removal is nevertheless proper under 28 U.S.C. § 1441(b)(2) as Defendants NYSNA and Kane have not yet been properly served.  *See Gibbons v. Bristol-Myers Squibb Co*., 919 F.3d 699, 705 (2d Cir. 2019).

**REMOVAL IS TIMELY AND ALL REMAINING DEFENDANTS CONSENT**

18.     This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) since Defendants NYSNA and Kane have not been properly served with a copy of the Verified Amended Complaint and Amended Summons and thus the thirty (30) day removal period has not yet begun to run.  Neither Defendant NYSNA nor Kane were served with a copy of the original Complaint and Summons and have not yet been properly served with a copy of the Second Amended Summons and Verified Second Amended Complaint.

19.     As the action has been discontinued as against Defendant American Nurses Association - New York, Inc., *see* Ex. D, the only two remaining defendants, NYSNA and Kane, consent to this removal.

4

## VENUE IS PROPER

20.     In accordance with 28 U.S.C. § 1441(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The action is pending in the Supreme Court of New York, Country of New York, located in the Southern District of New York.  28 U.S.C. § 112(b).  Therefore, this court is a proper venue because it is in the district embracing the place where such action is pending.  28 U.S.C. §§ 1391, 1441(a).

## NOTICE TO PLAINTIFFS AND STATE COURT

21.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of New York, written notice of this filing will be served on Plaintiff.

22.     A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, immediately following this filing in the United States District Court for the Southern District of New York, as required by 28 U.S.C. § 1446(d).

## NO WAIVER OF DEFENSES AND OBJECTIONS

23.     By removing this action to federal court, Defendants NYSNA and Kane do not consent to personal jurisdiction, do not concede that this Court is a convenient forum, and do not waive any of their defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise.

## CONCLUSION

WHEREFORE, NOTICE IS HEREBY GIVEN that the above-captioned case is removed from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated:  October 1, 2020

Respectfully submitted,

By:   /s/ *Olivia R. Singer*
Susan Davis
Olivia R. Singer
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, New York 10022
(212) 563-4100

*Counsel for Defendant New York State Nurses*
*Association and Patricia Kane*

6

# Exhibit A

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

------------------------------------------------------------------x

KAREN JARRETT,                                    **SUMMONS**

                 Plaintiff,            Index No.:

       - against -                        Plaintiff designates New York
                                     County as place of trial

AMERCAN NURSES ASSOCIATION – NEW YORK, INC.
d/b/a NEW YORK STATE NURSES ASSOCIATION,          Basis of Venue is the County
PATRICIA KANE,                                    Substantial part of event or
                                     Omission Occurred

                 Defendant.

------------------------------------------------------------------x

### TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to serve a notice of appearance on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Defendant address:
AMERCAN NURSES ASSOCIATION – NEW YORK, INC. d/b/a
NEW YORK STATE NURSES ASSOCIATION

C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

PATRICIA KANE
131 W 33rd Street, 4th Floor
New York, NY 10001

Dated: New York, New York
       July 8, 2020

                                     COURTNEY DAVY
                                     Attorney for Plaintiff
                                     299 BROADWAY, Suite 1700

New York, NY 10007
212-786-2331
516-850-1800
347-725-4211

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

------------------------------------------------------------x

KAREN JARRETT,                                              **VERIFIED COMPLAINT**

                Plaintiff,                          Index No.:

      - against -

AMERCAN NURSES ASSOCIATION – NEW YORK, INC.
d/b/a NEW YORK STATE NURSES ASSOCIATION,
PATRICIA KANE,

               Defendant.

------------------------------------------------------------x

TO THE SUPREME COURT OF THE STATE OF NEW YORK

<u>**AS AND FOR THE FIRST CAUSE OF ACTION**</u>

      The complaint of the Plaintiff, Karen Jarrett, respectfully shows and alleges as

follows:

1.      The Plaintiff herein, Karen Jarrett, is a resident of the State of New Jersey.

2.      The Defendant herein, AMERCAN NURSES ASSOCIATION – NEW YORK, INC.

d/b/a New York State Nurses Association (hereinafter "NYSNA"), Foreign Non-For-Profit

Corporation duly registered to do business in the State of New York.

3.      Defendant operates a labor union engaged in the business of representing registered

nurses as their representative for collective bargaining and employment related matters.

4.      Defendant, Patricia Kane, is NYSNA executive Director as of December 20, 2019.

5.      Plaintiff was an employee of defendant in the capacity and employment of media

relations for corporate defendant political relations department.

6.      Plaintiff was employed with the defendant and had an ongoing relationship with New

York States Association for approximately 6 years.

7.      During years 2018 and 2019, Plaintiff observed misconduct, which resulted in Plaintiff

filing  a whistleblower complaint in December 18th,2019, pursuant to NYSNA whistleblower

policy regarding political and union rules violation against, Defendant, Pat Kane, regarding said

defendant's and the unions violation against political contribution(s) in connection with

Defendant's campaign for 61st Assembly District in Staten Island in the election of fall 2018.

8.      Said whistleblower complaint was Plaintiff 's attempt to put NYSNA on notice of

Defendant Kane's campaign and NYSNA was in violation of the New York political donation

limits rules and campaign finance reporting obligation.

9.      Said complaint outline, defendant's Kane attempt to use Plaintiff to misuse NYSNA's

funds to pay individual for work performed on Defendant's Kane's campaign in violation of

certain fiduciary obligation to NYSNA's by Defendant Kane and New York State campaign

financing rules. Specifically, with her knowledge of NYSNA giving more than the $4,000 limit

that a union can give to a political candidate, when Pat Kane ran for the assembly.

10.      Additionally, Defendant(s) placed unreasonable and illegal pressure on plaintiff to

fraudulently sign time sheets for the former campaign director for Defendant, Kanes's

unsuccessful assembly race in 2018, who was hired by NYSNA but would not show up for work.

The was a violation of various labor laws including the LM-2 reporting laws under the LMRA,

federal labor law.

11.      Based on information and belief, Defendant Kane became aware of the aforementioned

whistleblower complaint and started a series of retaliatory action in violation of NY statute and

in violation of NYSNA, including but not limited to the wrongful termination of plaintiff on or

about January 31, 2020.

12.     Defendant, NYSNA, failed to meaningfully respond to Plaintiff's complaint and to

protect Plaintiff's confidence pursuant to its whistleblower policy resulting in Plaintiff

experience unlawful retaliation and termination as a result thereof.

## AS AND FOR THE SECOND CAUSE OF ACTION

13.     Plaintiffs repeats and re-alleges each and every allegation contained herein, as though the

same were set forth at length herein.

14.     Pursuant to New York Revitalization Act of 2013 ("the Act"), as a non-profit

organization with more than 20 employees and an annual revenue that exceeds $1,000,000,

NYSNA is required to have a Whistleblower Policy that complies with the Act.

15.     The Whistleblower Policy must provide that no director, officer, employee or volunteer

who in good faith reports any action or suspected action taken by or within the organization that

is illegal, fraudulent or in violation of any policy of the organization shall suffer intimidation,

harassment, discrimination or other retaliation or, in the case of employees, adverse employment

consequences.

16.     The Whistleblower Policy must include: (a) procedures (including confidentiality

provisions) for reporting violations or suspected violations of laws or organization policies; (b) a

requirement that an employee, officer or director be designated to administer the Policy and

report to the Audit Committee, another committee of independent directors or the Board; and  (c)

a requirement that a copy of the Policy be distributed to all directors, officers, employees, and

volunteers who provide substantial service to the organization.

17.     Plaintiff had a good faith belief that defendant, Kane, engaged in conduct that was in

violation of NYSNA policies and New York State Campaign Finance Rules.

18.     Plaintiff reported Defendant, Kane, Plaintiff's supervisor, misconduct.

19.     Defendant, NYSNA, failed to keep Plaintiff's identify confidential.

20.     Defendant, NYSNA, does not have a sufficient policy in place to protect whistleblower as is intended by the Act.

21.     After Kane became aware of that Plaintiff had reported her, Plaintiff suffered retaliation and was terminated.

22.     Defendant(s) engaged in its retaliatory actions with wanton negligence and reckless indifference to Plaintiff's statutory rights.

23.     Plaintiff now suffers and will continue to suffer monetary damages and damages for mental anguish and humiliation as a result of defendants' retaliatory acts.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of 1,000,000.00, together with interest from February 1st, 2020, costs and disbursement, together with any other relief the court finds to be just and proper.

DATED: July 7th, 2020
        New York, New York

Yours, etc.,

/s/
_____
Courtney K. Davy, Esq.
Attorney for the Plaintiff
299 Broadway, Suite 1700
New York, NY 10007
516-850-1800

## ATTORNEY'S VERIFICATION

State of New York      )
                       )        SS.:
County of New York  )

I, COURTNEY K. DAVY, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following statements are true under the penalties of perjury:

I am the attorney for the Plaintiff, Karen Jarrett, in the within action.

That I have read the Verified Complaint, and know the contents thereof, the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

The reason this verification is made by me and not by said Plaintiff, is that said Plaintiff do not reside in the County wherein I maintain my office. Additionally, Plaintiff concern for her as a result of the congoing COVID-19 pandemic and is quarantining and practicing social distancing for her protection.

The grounds of my belief as to all matters not stated upon my own knowledge are based on information contained in my file and conversation with the Plaintiff.

Dated: New York, New York
        July 8th, 2020

_____/S/_____
COURTNEY K. DAVY

# Exhibit B

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK
-------------------------------------------------------------x

KAREN JARRETT,

                     Plaintiff,

        - against -

AMERICAN NURSES ASSOCIATION – NEW YORK, INC.
d/b/a NEW YORK STATE NURSES ASSOCIATION,
NEW YORK STATE NURSES ASSOCIATION
PATRICIA KANE,

                   Defendant.

-------------------------------------------------------------x

**AMENDED SUMMONS**

Index No.: 155137/20

Plaintiff designates New York
County as place of trial

Basis of Venue is the County
Substantial part of event or
Omission Occurred

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to serve a notice of appearance on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

Defendant address:
AMERCAN NURSES ASSOCIATION – NEW YORK, INC. d/b/a
NEW YORK STATE NURSES ASSOCIATION

C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

NEW YORK STATE NURSES ASSOCIATION
131 W 33rd Street, 4TH
New York, NY 10001

PATRICIA KANE
131 W 33rd Street, 4TH
New York, NY 10001

Dated: New York, New York
       August 24, 2020

COURTNEY DAVY
Attorney for Plaintiff
299 BROADWAY, Suite 1700
New York, NY 10007
212-786-2331
516-850-1800
347-725-4211

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

-----------------------------------------------------------------x

KAREN JARRETT,                                    **VERIFIED AMENDED**
                                                  **COMPLAINT**

                              Plaintiff,          Index No.: 155137/2020

        - against -

AMERICAN NURSES ASSOCIATION – NEW YORK, INC.
d/b/a NEW YORK STATE NURSES ASSOCIATION,
NEW YORK STATE NURSES ASSOCIATION,
PATRICIA KANE,

                              Defendant.
-----------------------------------------------------------------x

TO THE SUPREME COURT OF THE STATE OF NEW YORK

### AS AND FOR THE FIRST CAUSE OF ACTION

        The complaint of the Plaintiff, Karen Jarrett, respectfully shows and alleges as

follows:

1.      The Plaintiff herein, Karen Jarrett, is a resident of the State of New Jersey.

2.      The Defendant herein, AMERICAN NURSES ASSOCIATION – NEW YORK, INC.

d/b/a New York State Nurses Association (hereinafter "NYSNA"), Foreign Non-For-Profit

Corporation duly registered to do business in the State of New York.

3.      Defendant operates a labor union engaged in the business of representing registered

nurses as their representative for collective bargaining and employment-related matters.

4.      Defendant, Patricia Kane, is NYSNA Executive Director as of December 20, 2019.

5.      Plaintiff was an employee of defendant in the capacity and employment of media

relations for the corporate defendant political relations department.

6.     Plaintiff was employed with the defendant and had an ongoing relationship with New York States Association for approximately 6 years.

7.     During years 2018 and 2019, Plaintiff observed misconduct, which resulted in Plaintiff filing a whistleblower complaint on December 18th,2019, pursuant to NYSNA whistleblower policy regarding political and union rules violation against, Defendant, Pat Kane, regarding said defendant's and the union's violation against political contribution(s) in connection with Defendant's campaign for 61st Assembly District in Staten Island in the election of fall 2018.

8.     Said whistleblower complaint was Plaintiff's attempt to put NYSNA on notice of Defendant Kane's campaign and NYSNA was in violation of the New York political donation limits rules and campaign finance reporting obligation.

9.     Said complaint outline, defendant's Kane attempt to use Plaintiff to misuse NYSNA's funds to pay an individual for work performed on Defendant's Kane's campaign in violation of certain fiduciary obligation to NYSNA's by Defendant Kane and New York State campaign financing rules. Specifically, with her knowledge of NYSNA giving more than the $4,000 limit that a union can give to a political candidate when Pat Kane ran for the assembly.

10.     Additionally, Defendant(s) placed unreasonable and illegal pressure on plaintiff to fraudulently sign timesheets for the former campaign director for Defendant, Kanes's unsuccessful assembly race in 2018, who was hired by NYSNA but would not show up for work. The was a violation of various labor laws including the LM-2 reporting laws under the LMRA, federal labor law.

11.     Based on information and belief, Defendant Kane became aware of the aforementioned whistleblower complaint and started a series of retaliatory actions in violation of New York

statute and in violation of NYSNA, including but not limited to the wrongful termination of the plaintiff on or about January 31, 2020.

12.     Defendant, NYSNA, failed to meaningfully respond to Plaintiff's complaint and to protect Plaintiff's confidence pursuant to its whistleblower policy resulting in Plaintiff experience unlawful retaliation and termination as a result thereof.

## AS AND FOR THE SECOND CAUSE OF ACTION

13.     Plaintiffs repeats and re-alleges each and every allegation contained herein, as though the same were set forth at length herein.

14.     Pursuant to New York Revitalization Act of 2013 ("the Act"), as a non-profit organization with more than 20 employees and an annual revenue that exceeds $1,000,000, NYSNA is required to have a Whistleblower Policy that complies with the Act.

15.     The Whistleblower Policy must provide that no director, officer, employee or volunteer who in good faith reports any action or suspected action was taken by or within the organization that is illegal, fraudulent or in violation of any policy of the organization shall suffer intimidation, harassment, discrimination or other retaliation or, in the case of employees, adverse employment consequences.

16.     The Whistleblower Policy must include (a) procedures (including confidentiality provisions) for reporting violations or suspected violations of laws or organization policies; (b) a requirement that an employee, officer or director be designated to administer the Policy and report to the Audit Committee, another committee of independent directors or the Board; and (c) a requirement that a copy of the Policy be distributed to all directors, officers, employees, and volunteers who provide substantial service to the organization.

17.     Plaintiff had a good faith belief that the defendant, Kane, engaged in conduct that was in violation of NYSNA policies and New York State Campaign Finance Rules.

18.     Plaintiff reported Defendant, Kane, Plaintiff's supervisor, misconduct.

19.     Defendant, NYSNA, failed to keep Plaintiff's identify confidential.

20.     Defendant, NYSNA, does not have a sufficient policy in place to protect whistleblower as is intended by the Act.

21.     After Kane became aware of that Plaintiff had reported her, Plaintiff suffered retaliation and was terminated.

22.     Defendant(s) engaged in its retaliatory actions with wanton negligence and reckless indifference to Plaintiff's statutory rights.

23.     Plaintiff now suffers and will continue to suffer monetary damages and damages for mental anguish and humiliation as a result of defendants' retaliatory acts.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of 1,000,000.00, together with interest from February 1st, 2020, costs and disbursement, together with any other relief the court finds to be just and proper.

DATED: August 24, 2020 ~~July 7th, 2020~~
         New York, New York

Yours, etc.,

Courtney K. Davy, Esq.
Attorney for the Plaintiff
299 Broadway, Suite 1700
New York, NY 10007
516-850-1800

## ATTORNEY'S VERIFICATION

State of New York  )
                   )   SS.:
County of New York  )

     I, COURTNEY K. DAVY, ESQ., an attorney duly admitted to practice law before the

Courts of the State of New York, hereby affirms the following statements are true under the

penalties of perjury:

     I am the attorney for the Plaintiff, Karen Jarrett, in the within action.

     That I have read the Verified Complaint, and know the contents thereof, the same is true

to my own knowledge, except as to those matters therein stated to be alleged upon information

and belief, and as to those matters, I believe it to be true.

     The reason this verification is made by me and not by said Plaintiff, is that said Plaintiff

do not reside in the County wherein I maintain my office. Additionally, Plaintiff concern for her

as a result of the ongoing COVID-19 pandemic and is quarantining and practicing social

distancing for her protection.

     The grounds of my belief as to all matters not stated upon my own knowledge are based

on information contained in my file and conversation with the Plaintiff.

Dated: New York, New York
     ~~July 8th~~, 2020
     August 24, 2020
                                   COURTNEY K. DAVY

# Exhibit C

NYSCEF

New York County Supreme Court

**Document List**

**Index #  155137/2020**

Created on:10/01/2020 12:32 PM

---

Case Caption:   **KAREN JARRETT v. AMERCAN NURSES ASSOCIATION  NEW YORK INC et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 07/08/2020 | Davy, C. |
| 2 | SUMMONS (PRE RJI) (AMENDED) | Pending | 08/24/2020 | Davy, C. |
| 3 | COMPLAINT (AMENDED) | Pending | 08/24/2020 | Davy, C. |
| 4 | STIPULATION - DISCONTINUANCE (PRE RJI) | Processed | 09/09/2020 | Devaprasad, S. |
| 5 | SUMMONS (PRE RJI) (AMENDED) | Pending | 09/09/2020 | Davy, C. |
| 6 | COMPLAINT (AMENDED) | Pending | 09/09/2020 | Davy, C. |

# Exhibit D

STATE OF NEW YORK
SUPREME COURT      NEW YORK COUNTY

KAREN JARRETT,

Plaintiff,

- against -

AMERICAN NURSES ASSOCIATION –
NEW YORK, INC. d/b/a NEW YORK STATE
NURSES ASSOCIATION, and PATRICIA
KANE,

Defendants.

STIPULATION OF
DISCONTINUANCE

Index No.: 15513720

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is, discontinued as against Defendant American Nurses Association – New York, Inc., sued incorrectly herein as American Nurses Association – New York, Inc. d/b/a New York State Nurses Association, with prejudice and without costs as to any party. This Stipulation may be filed without further notice with the Clerk of the Court.

Date: September 3, 2020

S. David Devaprasad, Attorney
Devaprasad pllc
119 Washington Avenue
Albany, New York 12210
Direct: (518) 496-9238
Email: sdd@devalaw.com
*Attorneys for Defendant,*
*American Nurses Association-New York, Inc.*

Courtney Davy, Esq.
299 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 786-2331
Email: courtneydavy.esq.@gmail.com
*Attorney for Plaintiff, Karen Jarrett*

# Exhibit E

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

---------------------------------------------------------------x     Index No.: 15513/2020

KAREN JARRETT,                       **SECOND AMENDED
                                                   SUMMONS**

         Plaintiff,

      - against -                   Plaintiff designates New York
                                              County as place of trial
THE NEW YORK STATE NURSES' ASSOCIATION,     Basis of Venue is the County
INCORPORATED, PATRICIA KANE,                Substantial part of event or
                                              Omission Occurred

          Defendants.

---------------------------------------------------------------x

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to serve a notice of appearance on the Plaintiff's
Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or
within 30 days after the service is complete if this summons is not personally delivered to you
within the State of New York); and in case of your failure to appear, judgment will be taken against
you by default for the relief demanded in the notice set forth below.

Defendant address:
AMERCAN NURSES ASSOCIATION – NEW YORK, INC. d/b/a
NEW YORK STATE NURSES ASSOCIATION

THE NEW YORK STATE NURSES ASSOCIATION, INCORPORATED
131 W 33rd Street, 4TH
New York, NY 10001

PATRICIA KANE
131 W 33rd Street, 4TH
New York, NY 10001

Dated: New York, New York
       August 24, 2020

                                     COURTNEY DAVY
                                     Attorney for Plaintiff
                                     299 BROADWAY, Suite 1700
                                     New York, NY 10007
                                     212-786-2331

INDEX NO. 155137/2020
RECEIVED NYSCEF: 09/09/2020

Case 1:20-cv-08174-PGG-KHP   Document 1   Filed 10/01/20   Page 29 of 35

516-850-1800
347-725-4211

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK
-------------------------------------------------------------------x

KAREN JARRETT,                                    Index No.: 155137/2020

**SECOND AMENDED**
**VERIFIED COMPLAINT**

                       Plaintiff,

             - against -

THE NEW YORK STATE NURSES' ASSOCIATION,
INCORPORATED, PATRICIA KANE,

                      Defendant.
-------------------------------------------------------------------x

TO THE SUPREME COURT OF THE STATE OF NEW YORK

### <u>AS AND FOR THE FIRST CAUSE OF ACTION</u>

       The complaint of the Plaintiff, Karen Jarrett, respectfully shows and alleges as

follows:

1.     The Plaintiff herein, Karen Jarrett, is a resident of the State of New Jersey.

2.     The Defendant herein, THE NEW YORK STATE NURSES' ASSOCIATION,

INCORPORATED dba NEW YORK NURSES ASSOCIATION (hereinafter "NYSNA"),

domestic Non-For-Profit Corporation duly registered to do business in the State of New York.

3.     Defendant operates a labor union engaged in the business of representing registered

nurses as their representative for collective bargaining and employment-related matters.

4.     Defendant, Patricia Kane, is NYSNA Executive Director as of December 20, 2019.

5.     Plaintiff was an employee of defendant in the capacity and employment of media

relations for the corporate defendant political relations department.

6.      Plaintiff was employed with the defendant and had an ongoing relationship with New York States Association for approximately 6 years.

7.      During years 2018 and 2019, Plaintiff observed misconduct, which resulted in Plaintiff filing a whistleblower complaint on December 18th, 2019, pursuant to NYSNA whistleblower policy regarding political and union rules violation against, Defendant, Pat Kane, regarding said defendant's and the union's violation against political contribution(s) in connection with Defendant's campaign for 61st Assembly District in Staten Island in the election of fall 2018.

8.      Said whistleblower complaint was Plaintiff's attempt to put NYSNA on notice of Defendant Kane's campaign and NYSNA was in violation of the New York political donation limits rules and campaign finance reporting obligation.

9.      Said complaint outline, defendant's Kane attempt to use Plaintiff to misuse NYSNA's funds to pay an individual for work performed on Defendant's Kane's campaign in violation of certain fiduciary obligation to NYSNA's by Defendant Kane and New York State campaign financing rules. Specifically, with her knowledge of NYSNA giving more than the $4,000 limit that a union can give to a political candidate when Pat Kane ran for the assembly.

10.     Additionally, Defendant(s) placed unreasonable and illegal pressure on plaintiff to fraudulently sign timesheets for the former campaign director for Defendant, Kanes's unsuccessful assembly race in 2018, who was hired by NYSNA but would not show up for work. The was a violation of various labor laws including the LM-2 reporting laws under the LMRA, federal labor law.

11.     Based on information and belief, Defendant Kane became aware of the aforementioned whistleblower complaint and started a series of retaliatory actions in violation of New York

statute and in violation of NYSNA, including but not limited to the wrongful termination of the plaintiff on or about January 31, 2020.

12.     Defendant, NYSNA, failed to meaningfully respond to Plaintiff's complaint and to protect Plaintiff's confidence pursuant to its whistleblower policy resulting in Plaintiff experience unlawful retaliation and termination as a result thereof.

## AS AND FOR THE SECOND CAUSE OF ACTION

13.     Plaintiffs repeats and re-alleges each and every allegation contained herein, as though the same were set forth at length herein.

14.     Pursuant to New York Revitalization Act of 2013 ("the Act"), as a non-profit organization with more than 20 employees and an annual revenue that exceeds $1,000,000, NYSNA is required to have a Whistleblower Policy that complies with the Act.

15.     The Whistleblower Policy must provide that no director, officer, employee or volunteer who in good faith reports any action or suspected action was taken by or within the organization that is illegal, fraudulent or in violation of any policy of the organization shall suffer intimidation, harassment, discrimination or other retaliation or, in the case of employees, adverse employment consequences.

16.     The Whistleblower Policy must include (a) procedures (including confidentiality provisions) for reporting violations or suspected violations of laws or organization policies; (b) a requirement that an employee, officer or director be designated to administer the Policy and report to the Audit Committee, another committee of independent directors or the Board; and  (c) a requirement that a copy of the Policy be distributed to all directors, officers, employees, and volunteers who provide substantial service to the organization.

17.    Plaintiff had a good faith belief that the defendant, Kane, engaged in conduct that was in violation of NYSNA policies and New York State Campaign Finance Rules.

18.    Plaintiff reported Defendant, Kane, Plaintiff's supervisor, misconduct.

19.    Defendant, NYSNA, failed to keep Plaintiff's identify confidential.

20.    Defendant, NYSNA, does not have a sufficient policy in place to protect whistleblower as is intended by the Act.

21.    After Kane became aware of that Plaintiff had reported her, Plaintiff suffered retaliation and was terminated.

22.    Defendant(s) engaged in its retaliatory actions with wanton negligence and reckless indifference to Plaintiff's statutory rights.

23.    Plaintiff now suffers and will continue to suffer monetary damages and damages for mental anguish and humiliation as a result of defendants' retaliatory acts.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $1,000,000.00, together with interest from February 1st, 2020, costs and disbursement, together with any other relief the court finds to be just and proper.

DATED: September 9th, 2020
      New York, New York

Courtney K. Davy, Esq.
Attorney for the Plaintiff
299 Broadway, Suite 1700
New York, NY 10007
516-850-1800

<u>ATTORNEY'S VERIFICATION</u>

State of New York   )
                  )    SS.:
County of New York  )

      I, COURTNEY K. DAVY, ESQ., an attorney duly admitted to practice law before the

Courts of the State of New York, hereby affirms the following statements are true under the

penalties of perjury:

      I am the attorney for the Plaintiff, Karen Jarrett, in the within action.

      That I have read the Verified Complaint, and know the contents thereof, the same is true

to my own knowledge, except as to those matters therein stated to be alleged upon information

and belief, and as to those matters, I believe it to be true.

      The reason this verification is made by me and not by said Plaintiff, is that said Plaintiff

do not reside in the County wherein I maintain my office. Additionally, Plaintiff concern for her

as a result of the ongoing COVID-19 pandemic and is quarantining and practicing social

distancing for her protection.

      The grounds of my belief as to all matters not stated upon my own knowledge are based

on information contained in my file and conversation with the Plaintiff.


Dated: New York, New York
        September 9th, 2020

                                     COURTNEY K. DAVY
                                     299 Broadway, Suite 1700
                                     New York, NY 10007

INDEX NO. 155137/2020
RECEIVED NYSCEF: 09/09/2020

Case 1:20-cv-08174-PGG-KHP   Document 1   Filed 10/01/20   Page 35 of 35

516-850-1800